■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v DONALD JOSEPH P., Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County, imposed January 7, 1976.

Sentence affirmed. Notwithstanding the fact that the defendant, a youth who had pleaded guilty to the crime of criminal sale of a controlled substance in the third degree (a class A-III felony), was adjudicated a youthful offender, the law mandates that he be sentenced in accordance with section 60.02 or section 60.03 of the Penal Law. The determining factor under those sections is whether the youth is a narcotic addict. Since the record before us indicates the defendant was not a narcotic addict, section 60.02 of the Penal Law requires that he be sentenced to a term of imprisonment in accordance with section 60.01 thereof, with the restriction that he not receive a term of imprisonment of more than four years (see Penal Law, § 60.02, subd [a]). Section 60.01 of the Penal Law states, in part: "2. Revocable dispositions (a) The court may impose a revocable sentence as herein specified: (i) the court, where authorized by article sixty-five, may sentence a person to a period of probation or to a period of conditional discharge as provided in that article". Thus, section 65.00 of the Penal Law determines whether one may receive a revocable disposition or, in particular, be placed on probation. A reading of that section indicates that "For a class A-III felony, the period of probation shall be life" (Penal Law, § 65.00, subd 3, par [a], cl [ii]). We note that the Legislature, in its wisdom and in view of the gravity of the offense, imposed such punishment with the hope of eradicating drug trafficking in this State. The constitutionality of the so-called "drug laws" has been sustained *(People v Broadie,* 37 NY2d 100). Furthermore, we take cognizance of the fact that when the Legislature amended the youthful offender provisions so as to enable those charged with class A-III felonies to be entitled to such an adjudication, it did not alter the sentencing standard for such defendants (see L 1975, ch 832, § 1; CPL 720.10, subd 2). Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.